DaShawn Hayes, State Bar No. 355912
The Hayes Law Firm, A Professional Law Corporation
1100 Poydras St., Ste 1530
New Orleans, LA 70163
Tel: 504-799-0374
Email: dphayesesquire@gmail.com

Attorneys for Plaintiff, Lamount London

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAMOUNT LONDON, professionally known as L.Mont<br><br>Plaintiff,<br><br>vs.<br><br>QUAVIOUS MARSHALL, professionally known as QUAVO, UNIVERSAL MUSIC-MGB NA, LLC, UMG RECORDINGS, INC, and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP.<br><br>Defendants. | Case No.: 2:24-cv-08112<br><br>Judge Consuelo B. Marshall<br><br>Magistrate Judge Pedro V. Castillo<br><br>**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND OF JURY TRIAL** |

Comes now, Plaintiff, Lamount London, by and through his counsel of record who amends his complaint, against Defendants, each of them, and alleges as follow:

**INTRODUCTION**

1. This is a civil action for the infringement of registered copyrights in violation of The U.S. Copyright Act brought by the Plaintiff, Lamount London, (hereinafter referred to as "Plaintiff"), to recover compensatory, statutory, injunctive relief and punitive damages as a result of the Defendants' unauthorized exploitation of the copyrighted musical works of Plaintiff.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331, 1332, 1338 and 17 U.S.C. 101, et seq as this action is based upon federal copyright law.

3. This Court has personal jurisdiction over the Defendants as, based on information and belief, each has purposefully committed, within the state, the acts from which Plaintiffs' claim arises and/or committed tortious acts outside California knowing and intending that such acts would cause injury to Plaintiffs within the state. Moreover, Defendants have purposefully availed themselves of the benefits of conducting business within the State of California by directing their activities with respect to the infringing work, including their marketing and promotion of the infringing work, to California residents, who are able to purchase, download and stream the infringing compositions and recordings. Upon information and belief, Defendants, and each of them, have received substantial

revenues from their exploitation of the infringing works in California. Furthermore, Defendants conduct continuous, systematic, and routine business within the State of California and/or within this district. Consequentially, by virtue of their pervasive business contacts and transactions within the State of California, Defendants are constructively aware and can reasonably expect and/or anticipate being sued in this jurisdiction.

4. Upon information and belief, and as set forth above in greater detail, Defendant Marshall, has performed and/or will perform concert touring dates in this district to further exploit the infringing compositions and recordings, and have licensed, distributed and exploited the subject infringing song (and other songs) in this state. Moreover, Plaintiff is informed and believes and thereupon alleges that Defendant Marshall routinely and regularly returns to Los Angeles to promote his career. On information and belief, Defendant Marshall also regularly travels to Los Angeles to perform at and/or attend music awards ceremonies in the Los Angeles area, including but not limited to the BET Awards, the Grammys, the ESPY Awards, and the NAACP Image Awards. Furthermore, Defendant Marshall has regularly traveled to Los Angeles to film several television shows and media appearance, including but not limited to NCIS: Los Angeles, The Late Late Show and Black-ish.

5. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2) and 1400(a) as a substantial part of the events giving rise to this claim occurred in this district. Defendants regularly conduct business in the Central District of California, State of California and substantial acts of infringement have occurred in this district. Defendants expect or should have reasonably expected their acts to have consequences in this district. Defendants have directed their activities and distribution and marketing of musical recordings to residents of this district and such residents were able to purchase and download infringing musical recordings by way of mechanisms controlled or authorized by the Defendants.

**PARTIES**

6. Plaintiff, Lamount London, professionally known as L.Mont, is a person of the full age and majority and domiciled in the Parish of Orleans, State of Louisiana.

7. Defendant Quavious Marshall, professionally known as “Quavo” is an individual, who, upon information and belief, is a citizen of the State of Georgia. He is known for the production, recordation and composition of music that is distributed worldwide via the internet and other digital devices. Defendant co-authored the musical composition and performed vocals on the infringing “Bubble gum” sound recording.

8. Upon information and belief, Defendant Universal Music Corp., is an active corporation organized and existing pursuant to the laws of the State of California. Plaintiff is informed and believes, and thereupon alleges, that Universal Music Corp. does substantial, continuous and systematic business in the State of California and in this judicial district. Defendant Universal Music Corp. is responsible for collecting music royalties from the publication of the infringing works on behalf of Defendant Marshall and Defendant UMG Recordings, Inc.

9. Upon information and belief, UMG Recordings, Inc is an active corporation organized and existing pursuant to the laws of the State of California. Plaintiff is informed and believes, and thereupon alleges that UMG Recordings, Inc does substantial, continuous and systematic in the State of California and in this judicial district. Defendant UMG Recordings, Inc distributes and sells sound recordings created by Defendant Marshall. Defendant UMG Recordings, Inc supervised the illegal reproduction of the Infringing Track (as described below) and authorized the illegal reproduction and distribution of the Plaintiff's copyright protected work.

10. Upon information and belief, Warner-Tamerlane Publishing Corp. is an active corporation organized and existing pursuant to the laws of the State of California. Plaintiff is informed and believes, and thereupon alleges, that Warner-Tamerlane Publishing Corp. does substantial, continuous and systematic business

in the State of California and in this judicial district. Defendant Warner-Tamerlane Publishing Corp. is responsible for collecting music royalties from the publication of the infringing works on behalf of the authors and composers of the infringing work.

## FACTS

11. This is an action for the direct, contributory and vicarious copyright infringement, in violation of 17 U.S.C. §§ 101 et seq., arising from the unauthorized reproduction, distribution and/or public performance of Plaintiff's copyrighted musical work, "Bubblegum." Plaintiff is informed and believes, and thereupon alleges, that Defendants are the writers, composers, performers, producers, record label, distributors, and publishers who were involved with the creation, release, reproduction, exploitation, licensing, and public performance of the infringing and derivative musical compositions "Bubblegum" and the infringing sound recordings of "Bubblegum," and the music video and other products embodying the infringing musical composition and sound recording "Bubblegum," (collectively, the "Infringing Works"). Defendant Marshall received credit as composer and/or author of the music and lyrics of "Bubblegum." The corporate Defendants are, on information and belief, the publishing, distribution, recording labels and other entities that exploit the infringing song, "Bubblegum by Quavo."

12. Plaintiff, Lamount London, professionally known as L.Mont, is a songwriter, producer and musical artist who specializes in hip/hop and rap genre. In or about 2015, Plaintiff authored the sound recording and musical composition entitled "Bubblegum." Plaintiff authored the following lyrics, which were used as the chorus for "Bubblegum" and performed the same on the sound recording, "Bubblegum:"

"She chew it up and blow it
She chew it up and blow it
She chew it up and blow it
She chew it up and blow it out and make it pop like bubblegum
Bubblegum, Bubblegum, Bubblegum, Bubblegum, Bubblegum, Bubblegum
Pop like bubblegum
Bubblegum, Bubblegum, Bubblegum, Bubblegum, Bubblegum, Bubblegum
Pop like, pop like, Pop, pop Like Bubblegum
Pop like, pop like, Pop, pop Like Bubblegum
Pop like, pop like, Pop, pop Like Bubblegum
Pop like, pop like, Pop, pop Like Bubblegum."

13. Plaintiff's "Bubblegum" was wholly original and is registered with the U.S. Copyright Office, bearing Registration Number SR849111. See Exhibit A. The subject musical work has been published and distributed by and through

releasing the subject sound recording on all major music streaming platforms and digital music outlets, including but not limited to Tidal, Apple Music, Spotify, Youtube, Youtube Music, and Amazon Music.

14. During the exploitation of the Plaintiff's original musical compositions and sound recordings, he performed as an opening act for rap artist, 2 Chainz, and the rap group, Migos, which members included Defendant Marshall, Offset, and Takeoff, at the Saenger Theatre in New Orleans, LA on February 9, 2016.

15. At the conclusion of the show, Plaintiff and Defendant Marshall with the other members of the Migos, attended an after-party at VLive in New Orleans, LA. During the party, Plaintiff handed a demo CD, which contained the Plaintiff's musical work, "Bubblegum," to Defendant Marshall with the hope that the two would be able to work together on music in the future. Defendant Marshall accepted the CD from the plaintiff, and advised he would consider the plaintiff's request.

16. Defendant Marshall without express authorization copied protected elements of "Bubblegum" in his sound recording of the same name, "Bubblegum" which was released and distributed by Defendant UMG through its recording label imprints, Quality Control, Motown Records, and Capital Records, as a part of Defendant Marshall's album, "Quavo Huncho." Defendant UMG also collects royalties for from the exploitation of the infringing work on behalf of several

publishers, including but not limited to Huncho YRN Music and Quality Control QC PRO. Defendant UMG released and distributed the album "Quavo Huncho" and the infringing work, "Bubblegum" on October 12. 2018. Defendants released and distributed the infringing work in the State of California, United States and worldwide for streaming on all major streaming services, including, but not limited to Apple Music, Tidal, Spotify, Youtube Music, Pandora, and Amazon Music. The infringing works is accessible, and available for consumer use, in California by the Plaintiff and other California Residents through utilizing one of the streaming services. The aforesaid streaming services are available for use by California residents.

17. The Plaintiff did not authorize the defendants' reproduction, distribution, public performance of the sound recording, or creation of an unauthorized derivative work of "Bubblegum." Defendants do not have any rights to reproduce, distribute, publicly perform, or create derivative works of samples of "Bubblegum" in the infringing sound recording "Bubblegum by Quavo."

18. There are unmistakable similarities between the two works. Based upon a side-by-side comparison of the two songs, a layperson could hear similarities in the lyrics, arrangement, melody, core expression, content, and other compositional elements in both songs and conclude that songs are essentially identical, and the infringing Bubblegum clearly used the Plaintiff's Bubblegum as a basis for the

infringing Bubblegum. At all times relevant to this action, Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's works into their infringing works, "Bubblegum." The infringing works, "Bubblegum by Quavo," misappropriates key protected elements of Plaintiff's "Bubblegum," to create an unauthorized derivative work. The infringing work copies and interpolates a portion of Plaintiff's "Bubblegum" to create the infringing "Bubblegum." More specifically, Defendants Marshall copies the lyrics, content, melody and musical arrangement from Plaintiff's bubblegum to create the infringing work. Moreover, both songs have the similar tempos and form structure. Recording and compositional analyses of the two works reveal that the infringing Bubblegum copies the lyrics and vocal melodies from the Plaintiff's Bubblegum.

19. Defendants, without authority, have willfully copied and sampled many protected elements of the Plaintiff's copyrights and further infringed upon those copyrights by acts of reproduction, distribution, publish, display, and unauthorized creation of derivative works.

## FIRST CLAIM FOR RELIEF

**(Direct, Contributory and Vicarious Copyright infringement of "Bubblegum" into the sound recording, "Bubblegum by Quavo" against all defendants)**

20. Plaintiff repeats and re-alleges all paragraphs of this Complaint as if fully set forth herein.

21. Plaintiff is the owner of the copyright in the sound recording, musical composition and lyrics of "Bubblegum." Plaintiff's copyright of "Bubblegum" was registered with the U.S. Copyright Office and bears Registration No. SR849111.

22. Upon information and belief, and without authorization or permission from the plaintiff, in direct violation of Plaintiff's rights, Defendants, have directly infringed the copyrights in Plaintiff's "Bubblegum" by among other things: a) preparing unauthorized derivatives of Plaintiff's "Bubblegum" in the form of "Bubblegum;" b) reproducing copyrighted elements of the Plaintiff's "Bubblegum" in "Bubblegum;" c) distributing copies of "Bubblegum," which contains copyrighted elements of Plaintiff's "Bubblegum" and d) publishing, displaying, selling and licensing copies of "Bubblegum," which contains copyrighted elements of Plaintiff's "Bubblegum" Defendants never paid Plaintiff, nor secured the authorization for the use of "Bubblegum" in "Bubblegum."

23. Moreover, without authorization or permission from Plaintiff, Defendants sampled and copied Plaintiff's "Bubblegum" in purporting to author the sound recording and composition, "Bubblegum." Defendants have published, manufactured, distributed, sold and licensed copies of "Bubblegum." Defendants never paid Plaintiff, nor secured the authorization for the use of "Bubblegum" in

"Bubblegum."

24. At all times relevant to this action, Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's works into their infringing works, "Bubblegum." The infringing works, "Bubblegum by Quavo," misappropriates key protected elements of Plaintiff's "Bubblegum," to create an unauthorized derivative work. The infringing work copies and interpolates a portion of Plaintiff's "Bubblegum" to create the infringing "Bubblegum." More specifically, Defendants Marshall copies the lyrics, content, melody and musical arrangement from Plaintiff's bubblegum to create the infringing work. Moreover, both songs have the similar tempos, form structure. Recording and compositional analyses of the two works reveal that the infringing Bubblegum copies the lyrics and vocal melodies from the Plaintiff's Bubblegum.

25. As a direct and proximate result of the Defendants' infringement, Plaintiff is entitled to its actual damages in addition to Defendants' profits that are attributable to the copyrighted material; moreover, plaintiff is entitled to other compensatory, statutory and punitive damages in an amount to be proven at trial.

26. Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable.

27. With knowledge of the infringement, the Defendants have induced, caused, or materially contributed to, the infringing conduct of others, such that they should be found to be contributorily liable.

28. The infringement is continuing as the album Quavo Huncho, on which Bubblegum appears, continues to be sold and continues to be licensed for sale, downloads, streams, ringtones and/or mastertones, and other exploitations by Defendants or their agents.

29. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated or measured in monetary terms. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance or other use or exploitation of Bubblegum, including all Infringing Works.

30. Defendants’ conduct was willful with full knowledge of and complete disregard for Plaintiff’s rights. Therefore, the Plaintiff is entitled to statutory damages.

31. As a direct and proximate result of Defendants’ infringement, Plaintiff has incurred attorneys’ fees and costs, in amount according to proof, which are recoverable under 17 U.S.C. 504.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and for the following relief:

A. A permanent injunction prohibiting Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, from directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of, any of Plaintiffs' rights protected by the Copyright Act; an order directing Defendants to include credits on behalf of Plaintiffs  to be included on any awards, accolades, events of prestige and/or other public recognition attributed Bubblegum;

B. An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages and Defendants' profits in an amount to be proven at trial;

C. An award of statutory damages, if actual damages are not selected;

D. An award of attorneys' fees;

E. For pre-judgment and post-judgment interest according to law, as applicable;

F. For an accounting in connection with Defendants' unauthorized use of the infringing works;

G. Any such other or further relief as the Court may deem just and proper;

H. For costs of suit incurred;

Dated: September 15, 2026 THE HAYES LAW FIRM, PLC

By: ______________________
DaShawn Hayes
Attorneys for Plaintiff
Lamount London

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in the above matter.

Dated: September 15, 2026 THE HAYES LAW FIRM, PLC

By: ______________________
DaShawn Hayes
Attorneys for Plaintiff
Lamount London